# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ERIC J MILLER, : | |
| : | |
| Plaintiff, : | |
| v. : | Case No. 5:18-CV-93-TES-MSH |
| : | |
| CO II KENNETH PRIMUS, : | |
| : | |
| Defendant. : | |
| _____ : | |

## ORDER AND REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's motions seeking appointed counsel (ECF Nos. 29, 46), settlement (ECF No. 31), compelled discovery (ECF Nos. 36, 47, 54, 55), and summary judgment (ECF No. 38). Also pending is Defendant's motion to quash (ECF No. 37). For the reasons explained below, it is recommended that Plaintiff's motion for summary judgment be denied. Plaintiff's remaining motions are denied and Defendant's motion to quash is denied as moot.

## BACKGROUND

Plaintiff's claims arise out of an incident that allegedly occurred while he was imprisoned in the Tier II program at Hancock State Prison on June 6, 2016. Compl. 5, ECF No. 1. Plaintiff alleges that on that day, Defendant Primus, a corrections officer, approached Plaintiff's cell to serve him his lunch and ice and Plaintiff "stuck his right arm out of the tray flap in a non-threatening manner to retrieve some ice." *Id.* Defendant Primus, "for unexplained reasons . . . refuse[d] to give plaintiff some ice, then repeatedly started slamming the metal tray flap on Plaintiff's right arm" with "force that was very

excessive and unreasonable." *Id.*

According to Plaintiff, Defendant Primus caused his "right upper artery underneath [his] inner right arm" to burst and "blood to spew out of plaintiff['s] arm profusely." Compl. 5. Defendant Primus also failed to notify medical or take any other action to assist Plaintiff. *Id.* Plaintiff eventually received medical attention because prison medical officials "discovered that there was no pulse in plaintiff's right arm." *Id.* at 6. Plaintiff was transported to a local hospital "where an x-ray was conducted and it was discovered that [his] right artery had been disconnected due to the impact of the tray flap being slammed on [his] arm by [Defendant Primus]." *Id.* Next, Plaintiff was transported to another medical center where he underwent "emergency surgery[.]" *Id.*

Plaintiff claims he "still suffers from muscle spasm, numbness, flash backs . . . and nightmares" as a result of this incident and contends Defendant Primus' actions violated his constitutional rights. Compl. 6-7. As a result, Plaintiff seeks compensatory, punitive, and nominal damages; declaratory relief; a jury trial; costs of this suit; and "any other relief this Court deems just, proper, and equitable." *Id.* at 7.

## DISCUSSION

### I. Plaintiff's Summary Judgment Motion

Plaintiff moved for summary judgment on his excessive force and deliberate indifference claims against Defendant Primus on November 13, 2018 (ECF No. 38). He argues that "this is an action for damages and there is no genuine dispute as to any material fact" and he "is entitled to summary judgment and [an] award of damages." Pl.'s Br. in Supp. of Mot. for Summ. J. 11, ECF No. 38-1. Defendant Primus responded to Plaintiff's

motion on January 15, 2019 (ECF No. 51). He contends Plaintiff's motion should be denied because he "denies that he used excessive force . . . and Plaintiff admits he received medical treatment within minutes of the incident" and thus "there is a material fact in dispute[.]" Def.'s Resp. to Pl.'s Mot. for Summ. J. 5, ECF No. 51. Because material facts remain disputed, it is recommended that Plaintiff's motion for summary judgment be denied.

### A. Relevant Legal Standards

#### 1. Summary Judgment

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

"When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact." *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1438 (11th Cir. 1991). Such a moving party "must establish all essential elements of [their] claim or defense in order to obtain summary judgment." *Coach, Inc. v. Becka*, No. 5:11-CV-371-MTT, 2012 WL 5398830, at *2 (M.D.

Ga. Nov. 2, 2012). To do so, they "must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non[-]moving party." *Four Parcels of Real Prop.*, 941 F.2d at 1438.

Even if the burden-bearing moving party makes the requisite affirmative showing, the non-moving party may avoid summary judgment by introducing "significant, probative evidence demonstrating the existence of a triable issue of fact." *Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991). However, the non-moving party need not produce such evidence until "after the movant has satisfied its burden of demonstrating there is no genuine dispute on any material fact." *Id*.

Under Local Rule 56, a party moving for summary judgment must attach "a separate and concise statement of material facts to which the movant contends there is no genuine issue to be tried." Each fact must "be numbered separately [and] be supported by specific citation to the record." M.D. Ga. L.R. 56. "Affidavits and the introductory portions of briefs" do not satisfy this rule's requirements. *Id*. A non-movant must respond "to each of the movant's numbered material facts." *Id*. "All material facts contained in the moving party's statement which are not specifically controverted by specific citation to the record shall be deemed to have been admitted, unless otherwise inappropriate." *Id*.

### 2. *Excessive Force*

Whether an Eighth Amendment violation occurred regarding an official's use of force "ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline[,] or [whether force was applied] maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (internal quotation

marks and citation omitted). In order to determine if force was used "maliciously and sadistically to cause harm," the Court looks to: "(1) the extent of injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; (5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them." *Campbell v. Sikes*, 169 F.3d 1353, 1375 (11th Cir. 1999) (internal quotation marks and citation omitted).

"When considering these factors, we give a wide range of deference to prison officials acting to preserve discipline and security[.]" *Fennell v. Gilstrap*, 559 F.3d 1212, 1217 (11th Cir. 2009) (internal quotation marks and citation omitted). "[N]ot every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins v. Gaddy*, 599 U.S. 34, 57 (2010).

### 3. Deliberate Indifference

"The Eighth Amendment's prohibition against cruel and unusual punishments protects a prisoner from deliberate indifference to serious medical needs." *Kuhne v. Fla. Dep't of Corr.*, 745 F.3d 1091, 1094 (11th Cir. 2014) (internal quotation marks and citations omitted). "[T]o prevail on a deliberate indifference to serious medical need claim, [a plaintiff] must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l*, 588 F.3d 1291, 1306-07 (11th Cir. 2009). "A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's

attention." *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011) (internal quotation marks and citation omitted). Deliberate indifference requires a showing of a "subjective knowledge of a risk of serious harm" and "disregard of that risk . . . by conduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004) (citation omitted).

Disagreement over the mode of treatment does not constitute deliberate indifference for the purposes of the Eighth Amendment. *See Hamm v. Dekalb Cty.,* 774 F. 2d 1527, 1575 (11th Cir. 1985). Negligence in treatment, even rising to the level of medical malpractice, is not deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Instead, the treatment must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (internal quotation marks and citations omitted). "[C]onduct deliberately indifferent to serious medical needs has included: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all." *Melton v. Abston*, 841 F.3d 1207, 1223 (11th Cir. 2016). Indeed, "[m]edical care so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care violates the eighth amendment." *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986).

B. Plaintiff's Motion

Plaintiff would bear the burden of proof at trial on both his claims against Defendant. Thus, he must make an affirmative showing on each element of those claims if he is to be granted summary judgment. Plaintiff has not done that to the extent that no

6

reasonable juror could find for the Defendant at trial. Accordingly, his motion seeking summary judgment (ECF No. 38) should be denied.

Plaintiff attached a document entitled "Declaration in Support of Plaintiff's Motion for Summary Judgment" to his summary judgment motion. Pl.'s Decl. in Supp. of Mot. for Summ. J., ECF No. 38-2. This document contains numbered paragraphs and assertions of fact such as "Defendant Primus did repeatedly start slamming the metal tray flap on [P]laintiff's right arm[.]" *Id.* ¶ 4. However, most of its factual assertions are conclusory and not supported by citations to the record. *See id.* ¶ 3-8.

While noting that "Plaintiff [did] not cite to the record" in the declaration attached to his motion, Defendant submitted a response to Plaintiff's declaration. Def.'s Resp. to Pl.'s Decl., ECF No. 52. Therein, Defendant responds to each numbered paragraph of Plaintiff's declaration and contests many of Plaintiff's factual assertions. *See id.* ¶ 4. Defendant also submitted an affidavit in which he states a version of relevant events that is very different than Plaintiff's. Primus Aff., ECF No. 53. Defendant states that "[o]n the date in question" Plaintiff requested "additional ice" and, when Defendant "informed [Plaintiff he] would return to Plaintiff's cell and provide him with more ice" if he had extra, Plaintiff "threw ice at [Defendant] and punched [him] in the groin." *Id.* ¶ 2-4. He also claims that he "perceived Plaintiff's actions to be dangerous" and "pushed the tray flap down once to prevent [] Plaintiff from striking [him] again" with force that "was only enough to prevent Plaintiff from attacking [him]." *Id.* ¶ 5. Further, Defendant contests Plaintiff's claims concerning his failure to seek medical attention by saying he "immediately reported [the] incident so that Plaintiff could receive medical attention"

7

which "arrived at [Plaintiff's] cell within minutes[.]" *Id.* ¶ 7. Finally, he asserts that "Plaintiff had a sharp laceration on his arm, and the tray flap is not sharp enough to cut the Plaintiff's arm in the manner [he] observed." *Id.* ¶ 8.

The contradictory submissions made by Plaintiff and Defendant show that there is a genuine issue of material fact in this case. Indeed, sworn statements, such as those made by the parties here, are capable of creating a genuine dispute of material fact even if they are self-serving in nature. *See United States v. Stein,* 881 F.3d 853, 858 (11th Cir. 2018). At this stage, the Court is not responsible for "weighing the evidence and determin[ing] the truth of the matter" but determining whether questions remain that "properly can be resolved only by a finder of fact because they may reasonably by resolved in favor of either party." *Anderson*, 477 U.S. at 249-50. The parties' conflicting statements here present such a question. Accordingly, Plaintiff's motion for summary judgment (ECF No. 38) should be denied.

## II. Plaintiff's Motions Seeking Counsel

On September 13, 2018, Plaintiff filed an amended motion seeking appointed counsel (ECF No. 29). On December 17, 2018, Plaintiff renewed his motion for counsel specifically for the purpose of having representation at a "deposition hearing." 3rd Mot. for Appointed Counsel 1, ECF No. 46. For the same reasons, both of these motions are denied.

There is "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam). Indeed, "appointment of counsel in a civil case . . . is a privilege that is justified only by exceptional

8

circumstances." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). Such circumstances do not exist here. In deciding whether legal counsel should be provided, the Court considers, *inter alia*, the merits of Plaintiff's claims and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989) (en banc). The facts of this case are not overly complicated and the law governing Plaintiff's claims is neither novel nor complex. Accordingly, Plaintiff's motions seeking appointed counsel (ECF Nos. 29, 46) are denied.

### III. Plaintiff's Discovery Motions

Plaintiff has filed motions seeking an order to compel discovery from Defendant (ECF No. 36) and subpoenas issued against Defendant and his counsel (ECF Nos. 47, 54, 55). Therein, Plaintiff makes various requests of the Court, including an order compelling Defendant to "produce for inspection and copying . . . any and all information protected by the attorney-client privilege[.]" Mot. to Compel 1, ECF No. 36. The Court construes all of the above mentioned motions as motions to compel and denies them as meritless.

District courts are "allowed a range of choice" in reviewing motions to compel. *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 837 (11th Cir. 2006). For example, district courts "can deny a motion to compel [] discovery if it concludes that the questions are irrelevant." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999). Here, it does not appear that Plaintiff has either not sought from Defendant what he asks the Court to compel him to produce or asked for materials clearly not subject to discovery such as privileged material, so Defendant cannot not be described as "failing to make disclosure or discovery" in violation of procedural rules. *See* Fed. R. Civ. P. 37(a)(1). Further,

9

Defendant has produced significant amounts of discovery material to Plaintiff already. *See* Mot. to Quash Ex. 1, ECF No. 37-1. Accordingly, Plaintiff's motions seeking compelled discovery (ECF Nos. 36, 47, 54, 55) are denied.[1]

## CONCLUSION

For the reasons explained above, it is recommended that Plaintiff's motion for summary judgment (ECF No. 38) be denied. Plaintiff's motions for appointment of counsel (ECF Nos. 29, 46) and compelled discovery (ECF Nos. 36, 47, 54, 55) are denied. Plaintiff's motion seeking "settlement" (ECF No. 31) is also denied as it requests Court action clearly not within the Court's jurisdiction—forcing parties to settle a matter. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The district judge shall make a *de novo* determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however,

---

[1] Defendant's motion to quash (ECF No. 36), filed in response to Plaintiff's first discovery motion, is accordingly denied as moot.

the court may review on appeal for plain error if necessary in the interests of justice."

SO ORDERED AND RECOMMENDED, this 4th day of April, 2019.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE