IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ERIC J. Miller,

    *Plaintiff,*

v.

CO II KENNETH PRIMUS,

    *Defendant.*

CIVIL ACTION NO.
**5:18-cv-00093-TES-MSH**

## ORDER ADOPTING REPORT AND RECOMMENDATION AND
## DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Before the Court is the Magistrate Judge's Order and Recommendation [Doc. 68]

on Plaintiff's Motions to Appoint Counsel [Docs. 29 & 46]; Motion for Settlement [Doc.

31]; Motions to Compel Discovery [Docs. 36, 47, 54 & 55]; Motion to Quash [Doc. 37] and

Motion for Summary Judgment [Doc. 38]. The Magistrate Judge denied these motions

and recommended that the Court deny Plaintiff's Motion for Summary Judgment. *See*

*generally* [Doc. 68]. With regard to Plaintiff's Motion for Summary Judgment, the

Magistrate Judge concluded that there was a dispute over an issue of material fact that

precluded summary judgment. *See* [*Id.* at pp. 6–8]. Plaintiff objected to this

recommendation and the Magistrate Judge's denial of his Motions to Appoint Counsel.

*See generally* [Doc. 75]. Because the Magistrate Judge fully disposed of Plaintiff's Motions

to Appoint Counsel, the Court construes this objection as a new Motion to Appoint

Counsel which the Court **DENIES**.

Having thoroughly reviewed the Magistrate Judge's recommendation and Plaintiff's objection, the Court **ADOPTS** the Magistrate Judge's Recommendation [Doc. 68] over Plaintiff's objection and **MAKES IT THE ORDER OF THE COURT.** The Court, therefore, **DENIES** Plaintiff's Motion for Summary Judgment [Doc. 38].

<u>**DISCUSSION**</u>

As noted above, Plaintiff raised two distinct issues in his objection to the Magistrate Judge's Order and Recommendation. First, Plaintiff argues that the Magistrate Judge erred by not considering several factors that are relevant to determine whether an officer used excessive force against a prisoner in violation of the Eighth Amendment. *See* [Doc. 75, at pp. 2–5]. Second, Plaintiff argued that the Magistrate Judge erred in denying his Motions to Appoint Counsel. [*Id.* at pp. 5–6].

A.    <u>**Motion for Summary Judgment**</u>

The Magistrate Judge did not err in recommending that the Court deny Plaintiff's Motion for Summary Judgment. Summary judgment is not appropriate where there is a dispute over a material issue of fact. *See* Fed. R. Civ. P. 56(a). Here, there are disputed, material facts as to both of Plaintiff's claims. With regard to his excessive force claim, the parties dispute whether the force was reasonable under the circumstances. *Compare* [Doc. 38-2] (asserting that Defendant repeatedly slammed flap on Plaintiff's arm) *with* [Doc. 53, at ¶ 5] (asserting that Defendant dropped flap on Plaintiff's arm one time to regain control

and prevent further attacks from Plaintiff). The parties also dispute whether the tray flap

actually caused Plaintiff's injuries. *Compare* [Doc. 38-2, at ¶ 3] *with* [Doc. 53, at ¶ 8]. With

regard to Plaintiff's deliberate indifference claim, there is a dispute over how long the

delay in treatment was after Defendant closed the flap on Plaintiff's arm. *Compare* [Doc.

38-2, at ¶ 5] *with* [Doc. 53, at ¶ 7]. These disputed facts may only be resolved by a jury.

Notwithstanding the existence of these disputed facts, Plaintiff argues that the

Magistrate Judge erred by not considering five factors relevant to determining whether

an officer used excessive force against a prisoner. *See* [Doc. 75, at p. 2] (citing *Whitley v.*

*Albers*, 475 U.S. 312, 321 (1986)). While Plaintiff is correct that these factors are relevant to

the Court's final determination on whether Defendant used excessive force, the Court

cannot apply these factors to facts that are still in dispute. Consequently, the Magistrate

Judge did not err when he recommended that the Court deny Plaintiff's Motion for

Summary Judgment.

### B.    Motion to Appoint Counsel

Because the Magistrate Judge had the authority to fully dispose of Plaintiff's

Motions to Appoint Counsel, the Court construes Plaintiff's objection to the Magistrate

Judge's treatment of his prior Motions to Appoint Counsel as a new Motion to Appoint

Counsel. The Court denies this motion. "A civil litigant, including a prisoner pursuing a

section 1983 action, has no absolute constitutional right to the appointment of counsel."

*Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Plaintiff argues that 28 U.S.C. §

1915(e)(1) *requires* the Court to appoint counsel when an individual proceeding *in forma pauperis* is unable to afford counsel. [Doc. 75, at pp. 5–6]. But that is not what the statute says. The clear language of 28 U.S.C. § 1915(e)(1) establishes that the Court *may* appoint counsel if a plaintiff cannot afford counsel. The confusion—to the extent it may fairly be called confusion—arises from Plaintiff's alteration of the statute's language when he quotes the statute in his objection. Specifically, Plaintiff changed the "may" in the statute to "shall." *Compare* [Doc. 75, at pp. 5–6] ("Pursuant to 28 U.S.C. § 1915(e)(1) 'The court [shall] . . . .'" (alteration in Plaintiff's submission) *with* 28 U.S.C. § 1915(e)(1) ("The court *may* request an attorney to represent any person unable to afford counsel.") (emphasis added).

As Plaintiff offered no "exceptional circumstances" justifying the appointment of counsel, the Court denies Plaintiff's Motion for Appointment of Counsel. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

**CONCLUSION**

For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's Recommendation [Doc. 68] with regard to Plaintiff's Motion for Summary Judgment [Doc. 38]. Consequently, the Court **DENIES** Plaintiff's Motion for Summary Judgment.

The Court also **DENIES** Plaintiff's Motion for Appointment of Counsel [Doc. 75] because

he offered no exceptional circumstances justifying the appointment of counsel.

SO ORDERED this 25th day of April, 2019.

                **<u>S/ Tilman E. Self, III</u>**
                **TILMAN E. SELF, III, JUDGE**
                **UNITED STATES DISTRICT COURT**