IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **ERIC J MILLER,**  *Plaintiff,*  v.  **CO II KENNETH PRIMUS.**  *Defendant.* | **CIVIL ACTION NO. 5:18-cv-00093-TES-MSH** |

### ORDER

Before the Court is Plaintiff Eric J. Miller's Motion [Doc. 119], in which he seeks relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(4). On June 18, 2019, the Court held a trial on Plaintiff excessive force and deliberate indifference claims. Plaintiff lost and has since filed several post-trial motions. *See* [Doc. 103]; [Doc. 105]; [Doc. 111]; [Doc. 112]. The Court denied these motions. *See* [Doc. 104]; [Doc. 106]; [Doc. 113]. For the reasons explained below, the Court now **DENIES** Plaintiff's Motion for Relief from a Judgment [Doc. 119].

### DISCUSSION

Rule 60(b) permits a court to relieve a party from a final judgment, order, or proceeding for six reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not previously have

been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a judgment has been satisfied, released, discharged, reversed, or vacated or that would no longer be equitable to apply; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)–(6). As for the timing of the motion, Rule 60(c) states that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Here, Plaintiff moves for relief because of a void judgment pursuant to Rule 60(b)(4). [Doc. 119, p. 1]. Plaintiff claims he was denied due process because the Court improperly admitted a "Incident Report" [Doc. 94-2] into evidence. [Doc. 119, p. 2]. Under Rule 60(b)(4), the Court may relieve a party from a final judgment or order if the Court finds the judgment is void. "Generally, a judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir.2001) (quotation marks and citation omitted). Essentially, Plaintiff objects to the Court admitting evidence that hurt his case. However, Plaintiff misunderstands the meaning of a void judgment under this provision. Disagreements with the evidence admitted by the Court in its decision are not properly addressed under Rule 60(b); rather, those issues are the appropriate province of an appeal, which Plaintiff was

required to file within 60 days from the date the judgment was entered against him.[1] *See* Fed. R. App. P. 4(a)(1)(B). Accordingly, the Court finds that Plaintiff was not denied due process of law, and Rule 60(b)(4) offers him no relief.

Further, Plaintiff does not produce new evidence that shows the contents of the Report were inaccurate. Instead, he relies on conclusory allegations that a more complete investigation would have revealed that the officer's statements in the Report were untrue. [Doc. 119, p. 2]. Accordingly, Plaintiff is not entitled to relief under Rule 60(b)(2).

Lastly, Rule 60(b)(6) permits a judgment to be set aside or modified for "any other reason" that justifies relief. "Relief under Rule 60(b)(6) is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim–Tech Corp.*, 722 F.2d 677, 680 (11th Cir.1984). Even when exceptional circumstances exist, however, the decision of "whether to grant the requested relief is a matter of the district court's sound discretion." *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir.2000) (citation omitted). Simply put, the Plaintiff has not demonstrated that exceptional circumstances warrant granting him relief from the judgment.

---

[1] The Eleventh Circuit dismissed Plaintiff's appeal for want of prosecution on September 3, 2019. [Doc. 117].

## **CONCLUSION**

As the Eleventh Circuit has stated, "Rule 60(b) was never intended to permit parties to relitigate the merits of claims or defenses, or to raise new claims or defenses that could have been asserted during the litigation of the case. Rather, the aim of Rule 60(b) [is] to allow a district court to grant relief when its judgment rests upon a defective foundation." *Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1291–92 (11th Cir.2004). For the reasons set forth above, the Judgment in this case rests on sound legal principles, and the Plaintiff is not entitled to relief under Rule 60(b). Accordingly, the Court **DENIES** his Motion [Doc. 119].

**SO ORDERED**, this 11th day of June, 2020.

S/ Tilman E. Self, III<br>
**TILMAN E. SELF, III, JUDGE**<br>
**UNITED STATES DISTRICT COURT**